**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HEATHER BERGDAHL,

    Defendant.

Case No. 1:24-cr-00232

Hon. Robert W. Gettleman

**DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF PRETRIAL RELEASE**

Defendant Heather Bergdahl ("Dr. Bergdahl"), by and through her undersigned counsel, respectfully requests that this Court modify her conditions of pre-trial release to remove the condition requiring her to submit to supervision by Pretrial Services. Pretrial Services never recommended this condition and has informed defense counsel that it supports this request.

**BACKGROUND**

The superseding indictment in this case stems from a years-long federal investigation. *See* Kelly Bauer and David Jackson, *FBI Investigating Loretto Hospital's Vaccination Program As Part Of A Criminal Probe*, Block Club Chicago, https://blockclubchicago.org/2021/11/02/fbi-investigating-loretto-hospitals-vaccination-program-as-part-of-a-criminal-probe/ (Nov. 2, 2021). Dr. Bergdahl has known she was a target of that investigation since at least March 2022, and her attorneys communicated regularly with the government around that time. During the pendency of the investigation, Dr. Bergdahl traveled extensively, flying abroad on two separate occasions (to Dubai and London). Both times, she returned home.

On May 9, 2024, Dr. Bergdahl, alongside several of her colleagues, boarded a plane for another business trip to Dubai and London, where her employer had planned to open an office. For

reasons unbeknownst to Dr. Bergdahl, the government surmised that she was permanently fleeing the United States even though she had previously repeatedly traveled internationally. Without a warrant or any warning, federal agents conducted a probable cause arrest of Dr. Bergdahl on the tarmac, even though she was not fleeing the country.

The next day, the government charged Dr. Bergdahl by criminal complaint, ECF No. 1, and she appeared in the Southern District of Texas. *See United States v. Bergdahl*, 4:24-mj-00212 (S.D. Tex.). The government told the court it was "seeking detention based off of. . . serious flight risk," Exhibit A at 5:9–13, and Dr. Bergdahl spent the weekend in custody pending her detention hearing. Leading up to the detention hearing, the government continued to insist that Dr. Bergdahl was permanently fleeing the United States, representing to defense counsel that it received a "tip" along those lines. Relying in good faith on the government's representation—and in an effort to avoid pretrial detention—Dr. Bergdahl agreed to the government's requested bond conditions in order to secure her release. Specifically, she agreed to Pretrial Supervision, posted her parents' residence as security, lived with her parents, and agreed her father would serve as her third-party custodian, each of which are more restrictive than those conditions recommended by Pretrial Services. *See* Exhibit B at 4:2–5, 4:24–5:11; *see also* ECF Nos. 12, 17.

Since being released on bond on May 13, 2024, Dr. Bergdahl has been in complete compliance with the terms of her bond. In fact, the Court has already modified certain of Dr. Bergdahl's conditions of pre-trial release. *See* ECF No. 38 (allowing Dr. Bergdahl to move out of her parents' residence). On bond, Dr. Bergdahl has lived a quiet, law-abiding life, occupying her time by applying to jobs, working on renovations, and spending time with her family. She has traveled domestically multiple times without issue. On April 11, 2025, Pretrial Services confirmed

to defense counsel that Dr. Bergdahl has never violated her conditions of pretrial release, and that it supports this motion. Exhibit C. The government objects to this motion.

## ARGUMENT

Courts must impose only the "least restrictive" conditions necessary to reasonably assure a defendant's appearance and the safety of any others and the community. *United States v. Anderson*, No. 18 CR 50034-1, at *2 (N.D. Ill. June 30, 2020) (quoting 18 U.S.C. § 3142(c)(1)). To the extent Dr. Bergdahl's existing conditions are not the "least restrictive" necessary, this Court may "at any time amend the order to impose . . . different conditions of release." 18 U.S.C. § 3142(c)(3).

To determine whether certain conditions will reasonably assure a defendant's appearance and the safety of others and the community, courts must take into account: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against her; (iii) her personal history and characteristics, including her character, family ties, employment, financial resources, community ties, past conduct, criminal history, and appearance at court proceedings; and (iv) the nature and seriousness of the danger to any person or the community posed by her release. 18 U.S.C. § 3142(g)(1)–(4).

Neither the nature nor circumstances of the alleged offenses suggest that Pretrial Supervision is necessary to assure Dr. Bergdahl's appearance or the safety of her community. The government alleges that Dr. Bergdahl committed non-violent, white-collar crimes. Further, every allegation relates in some way to her employment at Loretto Hospital, where she has not worked since April 2022. Recognizing "the hierarchy of the newly indicted defendants," the government sought this Court's authorization "to have the defendants reordered," hinting that it views Dr. Bergdahl as least culpable of the three indicted defendants. ECF No. 28.

Dr. Bergdahl's personal history and her behavior on supervised release to date also show that Pretrial Supervision is not necessary to assure her appearance or the safety of the community. Dr. Bergdahl was born and raised by her parents in Houston, Texas, and she has lived there for much of her adult life. Her family still lives in the Houston area, and she owns property there. Dr. Bergdahl has consistently maintained daily contact with her parents. She is deeply connected to her local community and, as the former CFO of a Houston-based not-for-profit organization, spent the past several years supporting individuals and entities across the Southern District of Texas. Dr. Bergdahl has no criminal history, nor has she violated any conditions of her pre-trial release, and she has always appeared in court as required.

Pretrial Supervision does not help ensure Dr. Bergdahl's appearance, as her other bond conditions already eliminate any such concerns. Specifically, the surrender of Dr. Bergdahl's passport, as well as the posting of her parents' residence as security, substantially mitigates (if not entirely eliminates) any risk of flight concerns. Dr. Bergdahl refuses to jeopardize her parents' home, and she would never put them in that position by fleeing. Moreover, Dr. Bergdahl is currently permitted to travel within the United States, and she has done so numerous times without issue, further demonstrating she is not a flight risk.

As Dr. Bergdahl's appearance is already reasonably assured by these other conditions of release, she should not additionally be subject to the burdensome, unpredictable meetings and requirements of Pretrial Supervision, which have proven disruptive to her everyday life. Pretrial supervision is a wholly unnecessary, additional restriction on Dr. Bergdahl's ability to live and work in her community, and this condition should be removed.

**CONCLUSION**

For the foregoing reasons, Dr. Bergdahl respectfully requests that the Court modify her release conditions such that she will no longer be required to submit to supervision by Pretrial Services.

Dated: April 24, 2025

Respectfully submitted,

/s/ *Jordan M. Matthews*

Jordan M. Matthews
jmatthews@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:    +1.312.782.3939
Facsimile:    +1.312.782.8585

*Counsel for Defendant Dr. Heather Bergdahl*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will effectuate service on all counsel of record.

/s/ Taylor M. Grode
Counsel for Defendant Dr. Heather Bergdahl