# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF TEXAS (HOUSTON)

UNITED STATES OF AMERICA,      .  Case No. 4:24-mj-00212
                               .
               Plaintiff,      .
                               .
      v.                       .
                               .
HEATHER BERGDAHL,              .  515 Rusk Street
                               .  Houston, TX 77002
               Defendant.      .
                               .  Monday, May 13, 2024
. . . . . . . . . . . . . . .  .  10:46 a.m.
```

```
        TRANSCRIPT OF PRELIMINARY EXAM AND DETENTION HEARING
             BEFORE THE HONORABLE CHRISTINA A. BRYAN
                UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Plaintiff:          United States Attorney's Office
                            By:  SHERIN SUSAN DANIEL, ESQ.
                            1000 Louisiana Street, Suite 2300
                            Houston, TX 77002
                            (713) 567-9000

                            United States Attorney's Office
                            By:  KELLY GUZMAN, ESQ.
                            219 South Dearborn Street, Floor 5
                            Chicago, IL 60604-2029

For the Defendant:          Jones Day
                            By:  JORDAN M. MATTHEWS, ESQ.
                            110 North Wacker Drive, Suite 4800
                            Chicago, IL 60606
                            (312) 782-3939

Audio Operator:             Aaron Jackson, ECR

Transcription Company:      Access Transcripts, LLC
                            10110 Youngwood Lane
                            Fishers, IN 46048
                            (855) 873-2223
                            www.accesstranscripts.com


     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
 1        (Proceedings commence at 10:46 a.m.)

 2              THE COURT:  Is the hearing for Ms. Bergdahl going

 3   forward?

 4              MS. MATTHEWS:  No, Your Honor.  I think we've come to

 5   an agreement with the Government with regard to conditions on

 6   bond, and we also agreed to have the preliminary hearing in

 7   Chicago.

 8              THE COURT:  Okay.  So let's -- we'll bring

 9   Ms. Bergdahl up, then.

10              MS. GUZMAN:  Judge, we are just waiting for the

11   Pretrial Service report, which I think would contain the order

12   with the bond conditions.  I don't know if you think the Court

13   needs that.

14              THE COURT:  I received a Pretrial Services report

15   last week, I thought.  Ms. Morgan can probably print it for you

16   if you don't have it yet.

17              Ms. Matthews, there is a form there for a waiver of

18   the preliminary hearing in this district -- identity and

19   preliminary in this district and reservation of preliminary

20   hearing in the charging district.  So if you -- do you see that

21   there?

22              MS. MATTHEWS:  Yes.

23              THE COURT:  If you'll have Ms. Bergdahl execute that,

24   then we'll get it on the record.

25              MS. MATTHEWS:  Your Honor, all I see is the waiver
```

```
 1   with respect to a charge in this district.  Am I missing the
 2   form?
 3           MS. MORGAN:  Oh, that's the one.
 4           THE COURT:  This one?  Thank you.  I apologize.
 5       (Pause)
 6           THE COURT:  Does Pretrial have any update to this, to
 7   the report that I received on Friday?
 8           MS. DELGADO:  No, Your Honor.
 9           THE COURT:  No contacts?  No verification of
10   information?
11           MS. DELGADO:  No, Your Honor.
12           THE COURT:  Do we know if her passport was seized at
13   the time of her arrest?
14           MS. MATTHEWS:  It was, Your Honor.
15           THE COURT:  Okay.
16           MS. GUZMAN:  Yes, Your Honor.
17           THE COURT:  All right.  Thank you.  All right.  Do we
18   have everyone present for United States v. Heather Bergdahl?
19           MS. GUZMAN:  Yes, Your Honor.
20           THE COURT:  All right.  We were on the docket today
21   for a detention and preliminary hearing.  I've heard from
22   counsel for the defendant that the defendant is agreeing to
23   waive her preliminary hearing in this district and reserve that
24   hearing for the charging district, which is the Northern
25   District of Illinois.  And the defendant is also waiving her
```

1    right to an identity hearing here in this district.

2            And with respect to the scheduled detention hearing,

3    the United States and the defendant have informed me that there

4    is an agreement on conditions of release.  Is that correct?

5            MS. GUZMAN:  Yes, Your Honor.

6            THE COURT:  Okay.  And let me have everyone announce

7    their appearances for the record.

8            MS. GUZMAN:  Kelly Guzman on behalf of the United

9    States.

10           MS. DANIELS:  Sherin Daniels on behalf of the United

11   States.

12           MS. MATTHEWS:  Jordan Matthews on behalf of

13   Dr. Bergdahl.

14           THE COURT:  Thank you.

15           And, Dr. Bergdahl, you are present also.  All right.

16   And you agree, Ms. -- Dr. Bergdahl, this is your signature on

17   the waiver form and that you discussed your right to an

18   identity and preliminary hearing.  I informed you of that when

19   you appeared last week.  And you've waiving the identity

20   hearing and -- completely, and you're reserving your right to a

21   preliminary hearing for the charging district.  Is that

22   correct?

23           THE DEFENDANT:  Yes.

24           THE COURT:  All right.  All right.  I will release

25   Dr. Bergdahl on conditions of release.  Does the United States

1     want to make any -- what are the agreed conditions, if they are

2     different from those that appear in the Pretrial Services

3     report?

4             MS. GUZMAN: They are different, Your Honor. The

5     agreed proposed conditions are yes to pretrial supervision,

6     naming Ms. Bergdahl's father as a third-party custodian and

7     Ms. Bergdahl to reside with her father; and a condition that

8     the defendant not have any contact with Anosh Ahmed, who is

9     co-conspirator, Individual A in the complaint; as well as a

10    bond of $486,540 secured by the parents' residence at ▬▬▬▬

11    ▬▬▬▬▬▬ .

12             THE COURT: Marina Drive?

13             MS. GUZMAN: Yes.

14             THE COURT: In -- is that in Houston?

15             MS. MATTHEWS: Montgomery, Your Honor.

16             MS. GUZMAN: Yes.

17             THE COURT: All right.

18             MS. GUZMAN: And then -- I'm sorry, Judge. One

19    additional condition is that there is a homestead waiver that's

20    required in order to meet make that security effective, and so

21    we would just ask the Court to give Defendant seven days to

22    file that and whatever necessary paperwork with the Court.

23             THE COURT: All right. These are agreed terms?

24             MS. MATTHEWS: Correct, Your Honor. The one thing I

25    just would like to put on the record -- as Your Honor knows,

1   Dr. Bergdahl currently works for Anosh Ahmed, and so she's

2   going to need to -- this is effectively going to require her to

3   quit her job, and so she's going to need to untangle herself

4   from the business of that.  And so she will be in contact, to

5   be clear, with employees of his company in order to facilitate

6   the transfer of bank accounts and that sort of thing to the

7   relevant persons.

8           THE COURT:  Is this agreed by the United States?

9           MS. GUZMAN:  That's understood, Your Honor.

10          THE COURT:  All right.  And travel restricted to the

11  continental United States is agreed upon?

12          MS. GUZMAN:  Yes.

13          THE COURT:  All right.  All right.  Dr. Bergdahl, I'm

14  going to release you on the following conditions that have been

15  agreed to by the United States and your counsel:  You will be

16  supervised by Pretrial Services here in the Southern District

17  of Texas.  You will have to appear for all of your court

18  appearances in the Northern District of Illinois.  You cannot

19  commit any federal, state, or local offense while on conditions

20  of release.  You have to appear for all those court

21  appearances, and if you fail to do so, your bond can be

22  revoked.

23          If you are convicted on these charges that are

24  currently contained in a criminal complaint, and if they are

25  converted into an indictment, you will have to surrender to

```
1   serve the sentence that is imposed; and the failure to do so is

2   a violation of the bond conditions.  Understood?

3               THE DEFENDANT:  Yes.

4               THE COURT:  All right.  Do we have the third-party

5   custodian here in the courtroom?

6               MS. MATTHEWS:  Yes, Your Honor.

7               THE COURT:  Okay.  I need to have him come forward.

8               You're going to be supervised by Pretrial Services.

9   Your father is your third-party custodian.  That means he is in

10  charge of you.

11              And, sir, do you understand that by being a

12  third-party custodian, you're responsible for informing either

13  her supervising officer or the Court if she fails to comply

14  with the conditions of release?

15              MR. BERGDAHL:  Yes.

16              THE COURT:  All right.  And you understand that your

17  home is being used as security for the bond, and if the bond is

18  forfeited, meaning if Dr. Bergdahl does not comply with the

19  conditions, your home can be seized as a result of a bond

20  forfeiture?

21              MR. BERGDAHL:  Yes.

22              THE COURT:  All right.  And you understand that you

23  will have to complete waivers of your homestead exception in

24  order for the security to be effective, meaning you're waiving

25  your right to protect your home as your homestead, and you're
```

1  placing it up as security or collateral for your daughter's

2  bond?

3          MR. BERGDAHL:  Yes.

4          THE COURT:  You understand all of that?

5          MR. BERGDAHL:  (No audible response).

6          THE COURT:  All right.  And do you understand your

7  daughter's required to live with you at your home at ████

8  █████████████  --

9          MR. BERGDAHL:  Correct.

10         THE COURT:  -- while she's on pretrial release?

11         MR. BERGDAHL:  Yes.

12         THE COURT:  Okay.  All right.  Do you have any

13  questions for me, sir?

14         MR. BERGDAHL:  No.

15         THE COURT:  Okay.  You'll have to remain in the

16  courtroom.  You'll have to fill out all the paperwork for

17  third-party custodian.

18         MR. BERGDAHL:  Okay.

19         THE COURT:  Okay.  You can go sit back down.  Thank

20  you.

21         All right.  Is it -- Mr. Bergdahl is dad?

22         MS. MATTHEWS:  Correct.

23         THE COURT:  Mr. Bergdahl will be third-party

24  custodian.  The defendant can have no contact with Anosh Ahmed;

25  however, she will be allowed to have contact with employees of

1   that entity in order to turn over her job responsibilities.

2         The -- her bond -- your bond is $486,000.  It will be

3   secured by your parents' home.  I believe you understand the

4   position that your dad is in as a third-party custodian and the

5   position that your parents are in by placing their home as

6   security for your bond.

7         THE DEFENDANT:  Yes, I do.

8         THE COURT:  All right.  Your travel is limited to the

9   continental United States.  You may not obtain any new

10   passport.  And I understand that your passport was seized when

11   you were arrested, correct?

12         THE DEFENDANT:  Yes.

13         THE COURT:  All right.  Those are the conditions.  I

14   think I've already said you cannot violate any federal, state,

15   or local law while on conditions of release.  You must remain

16   living at the ███████████████████.  You'll have to report to

17   Pretrial Services.

18         You must appear for all of the court appearances in

19   the Northern District of Illinois.  The failure to do so is a

20   violation of your bond.  And if convicted, will have to

21   surrender to serve a sentence, and the failure to do so is a

22   violation of your bond.

23         And again, bond forfeitures will result in -- or can

24   result in the Government filing for bond forfeiture and

25   ultimately seizing the home at 15109 Marina Drive which secures

1   your bond.

2          All right.  There are other conditions for failing to

3   comply with conditions of release.  If you violate, you can be

4   arrested.  Your pretrial release can be revoked, and you can be

5   detained until your case is terminated.  You can be prosecuted

6   for contempt of court, imprisoned, or fined.  And I've

7   mentioned the bond forfeiture several times, and I believe you

8   understand that.

9          It's a crime punishable by 10 years in prison and a

10  fine of up to $250,000, or both, to attempt to influence or

11  tamper with a witness, informant, or victim.  That's why it's

12  very important you have no contact with Anosh Ahmed or any

13  other codefendant or witness.

14         If you commit a crime while on conditions of release,

15  the punishment can be more severe than it would be if you

16  committed the same crime while not on conditions of release,

17  including if you commit a federal felony while on conditions of

18  release.  You can receive an additional term of imprisonment of

19  up to 10 years, a fine of up to $250,000 or both, and the

20  additional prison sentence does not begin to run until after

21  any underlying sentence has run.

22         The same is true for the charge of attempting to

23  influence or tamper with a witness or victim.  The additional

24  prison sentence does not begin to run until after the

25  underlying sentence is served.

```
 1              If you fail to appear in court when required or if

 2   you fail to surrender to serve your sentence, you can receive

 3   an additional prison sentence, again, up to 10 years in prison.

 4   That does not begin to run until after the underlying sentence.

 5              If you are found not guilty on these charges, the

 6   bond will be released, and the bond security interest that your

 7   parents are securing the bond with will be released.  And if

 8   you are convicted on these charges and you surrender to serve

 9   your sentence, the bond will be released.  Understood?

10              THE DEFENDANT:  Yes.

11              THE COURT:  All right.  Is there anything else?  Do

12   we have a court date for her in the Northern District?

13              MS. MORGAN:  Not yet.

14              THE COURT:  Okay.  Any questions?

15              MS. MATTHEWS:  No, Your Honor.  Thank you.

16              THE COURT:  Okay.  So you'll remain here.  You'll

17   fill out the bond paperwork here.  You will be released from --

18   does she have to go back to the FDC or can she be released from

19   here?

20              THE MARSHAL:  Yes, Your Honor.

21              THE COURT:  She'll go back to the FDC?

22              THE MARSHAL:  Yes.  She's got to get processed out.

23              MS. MATTHEWS:  Around what time do you think she'll

24   be out?

25              THE MARSHAL:  Probably about 4 or 4:30.
```

1      THE COURT:  So you'll fill out all the bond

2  paperwork.  Your father has to fill out the third-party

3  custodian paperwork.  And I will order that the documents for

4  the availability of the home as a -- as security for the bond

5  can be submitted to the Court within seven days.

6      MS. MATTHEWS:  Thank you, Your Honor.

7      THE COURT:  Anything else that we need to cover?

8      MS. GUZMAN:  Not from the Government.

9      MS. MATTHEWS:  No, Your Honor.  Thank you.

10      THE COURT:  All right.  You're excused.  Thank you.

11      (Proceedings concluded at 11:02 a.m.)

12                        *  *  *  *  *

13

14               **C E R T I F I C A T I O N**

15

16      I, Alicia Jarrett, court-approved transcriber, hereby

17  certify that the foregoing is a correct transcript from the

18  official electronic sound recording of the proceedings in the

19  above-entitled matter.

20

21

22

23  _____

24  ALICIA JARRETT, AAERT NO. 428     DATE: July 22, 2024

25  ACCESS TRANSCRIPTS, LLC